IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BENITO BAZAN,

      Plaintiff,

v.   No. CIV-04-1133 MV/DJS

FRANCES CORDOVA, as Sergeant
in the New Mexico National Guard,
in his individual capacity,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment (Doc. No. 52, filed October 3, 2005). For the reasons given below, the Court shall **GRANT** Defendant's Motion. Plaintiff's federal law claims are dismissed with prejudice, Plaintiff's state law claims are dismissed without prejudice, and this action is dismissed.

**Legal Standard**

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When applying this standard, a court must view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Serv.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward

specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. *Id.*

**Background**

Plaintiff was employed by the New Mexico National Guard to provide potable water to the Village of Chimayo. (Compl. ¶ 11, Doc. No. 1, filed October 6, 2004). Defendant was a sergeant in the New Mexico National Guard and served as Plaintiff's ranking superior. (Compl ¶ 5). Plaintiff alleges that Defendant terminated him in retaliation for Plaintiff complaining about the corrupt activities of Defendant. (Compl. ¶¶ 22 and 28).

**Count I - Violation of Civil Rights**

Count I of Plaintiff's Complaint seeks monetary damages pursuant to 42 U.S.C. § 1983 alleging that Defendant terminated Plaintiff's employment for exercising his First Amendment right to free speech. (Compl. ¶¶ 20-26).

Defendant seeks summary judgment based on the *Feres* doctrine of intra-military immunity. In *Feres*, the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950). Later, the Supreme Court, recognizing that the "special nature of military life, the need for unhesitating and decisive action by military officers and equally disciplined responses by enlisted personnel, would be undermined by a judicially created remedy exposing officers to personal liability at the hands of those they are charged to command," held that "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." *Chappell v. Wallace*, 462 U.S. 296, 304-305 (1983). Before the passage of 42 U.S.C. § 1983, there was no liability on the part of military

superiors for transgressions against the rights of other military personnel, and Congress, in the passage of 42 U.S.C. § 1983, never intended to create such liability. *Martelon v. Temple*, 747 F.2d 1348, 1351 (10th Cir. 1984).

Plaintiff argues that the *Feres* doctrine of intra-military immunity does not apply in this case because Defendant was acting as a civilian when Defendant terminated Plaintiff. (Doc. No. 56, filed November 2, 2005, at 9-10). Defendant submitted the affidavit of a colonel in the New Mexico National Guard who, after reviewing Defendant's records and discussing same with the Guard's acting Human Resources Officer, concluded that Defendant was not employed as a civilian on or about January 9, 2004, the date when Defendant allegedly replaced Plaintiff, and was employed as a civilian technician beginning on January 20, 2004. (Mem., Ex. D, Affidavit of Barry Stout; *see also* Ex. O, Terms and Conditions of Temporary Employment; Ex. P, Request and Authority for Leave; Ex. Q, Notification of Personnel Action). Plaintiff refers to page 22, lines 1-16, of Defendant's deposition claiming Defendant "states that [Plaintiff's] employment did not end until January 22, 2004," which is two days after Defendant began his civilian employment with the Guard. (Resp. at 9). However, that portion of Defendant's deposition does not contain such a statement or even refer to the date of January 22, 2004. Plaintiff did not identify any other specific facts to show the existence of a genuine issue of material fact as to whether Defendant was a civilian when Defendant allegedly terminated Plaintiff.

Plaintiff states that the *Feres* doctrine applies to active duty soldiers and, without citing any authority, suggests that the doctrine does not apply to Defendant because Defendant was in the National Guard and not on active duty. (Doc. No. 56, filed November 2, 2005, at 9). It is well settled that National Guard officers are not liable for damages in § 1983 actions. *See Martelon v.*

3

*Temple*, 747 F.2d 1348, 1351 (10th Cir. 1984) (affirming district court's grant of summary judgment in favor of defendants, all of whom are officers of the Colorado Army National Guard, on plaintiff's claim that he was dismissed from the Colorado Army National Guard in violation of 42 U.S.C. § 1983); *see also Knutson v. Wisconsin Air National Guard*, 995 F.2d 765, 769-770 (7th Cir. 1993) (concluding that National Guard officers are not liable for damages in section 1983 actions, and citing cases from the 1st, 5th, 8th and 9th Circuits disallowing section 1983 claims for monetary and injunctive relief).

Plaintiff also claims, but provides no discussion describing how, Defendant's *Feres* defense fails under the test set forth in *Mindes v. Seaman*, 435 F.2d 197 (5th Cir. 1971). The Court is not obligated to comb the record in order to make Plaintiff's argument for him. *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000). Doing so would not only consume an inordinate amount of time, but would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process. *See Id.*

The Court notes that Plaintiff's Complaint seeking monetary damages pursuant to 42 U.S.C. § 1983 does not present any claims for injunctive or declaratory relief which would be susceptible to a *Mindes* analysis. *See Walden v. Bartlett*, 840 F.2d 771, 774-775 (10th Cir. 1988) (*Feres* doctrine bars damages action against military officials for alleged constitutional violation, but does not bar claims for injunctive and declaratory relief); *Lindenau v. Alexander*, 663 F.2d 68, 71-72 (10th Cir. 1981) (applying *Mindes* test in case challenging constitutionality of a National Guard regulation). While the Tenth Circuit has adopted the two-step justiciability test set forth in *Mindes*, the role of the federal courts in the internal affairs of the military is narrow and restricted. *See Clark v. Widnall*, 51 F.3d 917, 921 (10th Cir. 1995). "Courts may review military action to determine whether military

officials have acted within the scope of their powers." *Id*. "Additionally, courts may entertain actions against military officials for violating their own regulations and questioning the constitutionality of statutes relating to the military, executive orders, and regulations, [including] court martial convictions alleged to involve errors of constitutional proportions and selective service induction procedures. *Id*.

Plaintiff's Complaint, ¶ 1, also states this action is brought pursuant to 42 U.S.C. § 1985. However, Plaintiff states he is not making a conspiracy claim and inclusion of "42 U.S.C. § 1985" in the Complaint is a typographical error. (Resp. at 2).

Because National Guard officers are not liable for damages in § 1983 actions and there is no genuine issue of material fact as to whether Defendant was in the military or a civilian, and because Count I seeks no other relief, either declaratory or injunctive, the Court will grant summary judgment in favor of Defendant as to Count I.

**Count II - Wrongful Termination**

Count II of Plaintiff's Complaint alleges that Plaintiff was discharged because he performed an act that public policy has authorized or would encourage, namely complaining about the corrupt activities of Defendant, and as a result Plaintiff suffered damages. (Compl., ¶¶ 28-29). Because it has granted summary judgment in favor of Defendant on all of Plaintiff's federal law claims, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law wrongful termination claim. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over a claim where it has dismissed all claims over which it has original jurisdiction); *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (generally, when district court dismisses the federal claims, leaving only supplemental state claims, the most common response has been to dismiss the state claims without

prejudice); *United States v. Botefuhr*, 309 F.3d 1263, 1273-1274 (10th Cir. 2002) *quoting United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").  Accordingly, the Court will dismiss Plaintiff's state law wrongful termination claim without prejudice.

**IT IS SO ORDERED.**

       (Electronically filed)
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**