## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BENITO BAZAN,

       Plaintiff,

v.                                    No. CIV-04-1133 MV/DJS

FRANCES CORDOVA, as Sergeant
in the New Mexico National Guard,
in his individual capacity,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Reconsider, (Doc. No. 69, filed March 30, 2006), and on Plaintiff's Motion for Extension of Time to File Appeal, (Doc. No. 73, filed May 4, 2006). For the reasons given below, the Court shall **DENY** Plaintiff's Motions.

**Background**

Plaintiff was employed by the New Mexico National Guard to provide potable water to the Village of Chimayo. (Compl. ¶ 11, Doc. No. 1, filed October 6, 2004). Defendant was a sergeant in the New Mexico National Guard and served as Plaintiff's ranking superior. (Compl ¶ 5). Plaintiff alleges that Defendant terminated him in retaliation for Plaintiff complaining about the corrupt activities of Defendant. (Compl. ¶¶ 22 and 28).

On March 24, 2006, the Court granted Defendant's motion for summary judgment on the grounds that National Guard officers are not liable for damages in § 1983 actions. (Doc. No. 67). The Court dismissed Plaintiff's federal civil rights claim with prejudice, dismissed Plaintiff's state law claims without prejudice and entered a Final Judgment. (Doc. No. 68, filed March 24, 2006).

Plaintiff subsequently filed the Motion to Reconsider now before the Court.  (Doc. No. 69, filed March 30, 2006).

**Motion to Reconsider**

Plaintiff filed a motion asking the Court to reconsider it's Memorandum Opinion and Order, (Doc. No. 67, filed March 24, 2006), granting Defendant's motion for summary judgment.  In his motion for summary judgment, Defendant argued that as a military supervisor, he was immune from suit under 42 U.S.C. § 1983.  (Doc. No. 53, filed October 3, 2005, at 8-9).  Defendant submitted an affidavit showing that Defendant was employed as military personnel on January 9, 2004, when Defendant allegedly replaced Plaintiff, and did not become a civilian employee with the National Guard until January 20, 2004.  (*Id*.).  In his response, Plaintiff had argued that intra-military immunity did not apply because Defendant was acting as a civilian  when Defendant terminated Plaintiff.  (*See* Mem. Op. and Order at 3).   Plaintiff then referred to a portion of Defendant's deposition claiming Defendant "states that [Plaintiff's] employment did not end until January 22, 2004," which is two days after Defendant began his civilian employment with the Guard.  (*Id*.).  The Court, after reviewing that portion of the deposition, noted that the relevant portion of Defendant's deposition did not contain such a statement or even refer to the date of January 22, 2004. (*Id*.).  The Court then concluded there was no genuine issue of material fact as to whether Defendant was in the military or a civilian.  (*Id*. at 5).

Plaintiff now asks the Court to reconsider on the grounds that "Plaintiff's counsel fail[ed to] properly explain or, 'connect the dots', for the Court."  (Mot. to Reconsider, Doc. No. 69, filed March 30, 2006, at 1).  Plaintiff also submits an exhibit with his Motion to Reconsider which he did not provide to the Court with his response to the motion for summary judgment.  (*Id.* at 2).

2

The Federal Rules of Civil Procedure recognize no "motion for reconsideration." *Hatfield v. Bd. of County Commissioners for Converse County*, 52, F.3d 858, 861 (10th Cir. 1995). A motion for reconsideration filed after entry of summary judgment can be construed as either a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or as a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). *Id.*

In this case, Plaintiff filed his Motion for Reconsideration six days after entry of summary judgment. "District courts should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005). Here, Plaintiff's Motion plainly sought relief from judgment based on attorney mistake, which is grounds for relief under Rule 60(b)(1). Accordingly, the Court will evaluate Plaintiff's Motion under the standards applicable to Rule 60(b)(1).

Rule 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." FED. R. CIV. P. 60(b)(1). "Relief under 60(b)(1) for mistake or inadvertence, however, cannot be obtained unless the party makes 'some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *White v. Cassey*, 30 F.3d 142, 1994 WL 395902 *2 (10th Cir. 1994) (*quoting* Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2858 at 170 (1973)).

Plaintiff makes no showing of why he was justified in failing to "properly explain or connect the dots, for the Court," or in failing to provide the relevant exhibit to the Court with his response. Nor does Plaintiff make any showing of excusable neglect. *See Cessna Finance Corp. v. Bielenberg*

*Masonry Contracting, Inc.*, 715, F.2d 1442 1445 (10th Cir. 1983) ("[The] party seeking to establish

excusable neglect must plead and prove it."). Therefore, the Court will deny Plaintiff's Motion to

Reconsider. *See Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990)

("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

**Motion for Extension of Time to File Appeal**

Plaintiff did not file a Notice of Appeal within 30 days after entry of judgment as required by

Fed. R. App. P. 4(a)(1)(A) and now seeks an extension of time to file a notice of appeal. (*See* Doc.

No. 73, filed May 4, 2006). Plaintiff states that he "believed that the Motion [to Reconsider] may

toll the time to file the appeal. That assumption was incorrect and the time to file the appeal expired

on April 25, 2006." (*Id.* ¶ 2).

The Court will deny as moot Plaintiff's Motion for Extension of Time to File Appeal. If a

party files a timely Rule 60 motion, the time for appeal runs from the entry of the order disposing of

the motion, rather than the entry of the original judgment. Fed. R. App. P. 4(a)(4)(A)(vi). Here

Plaintiff filed his motion to reconsider within ten days after the entry of judgment. The motion

therefore tolled the time for taking appeal. *See Grantham v. Ohio Casualty Co.*, 97 F.3d 434, 435

(10th Cir. 1996) ("Because the motion to reconsider was filed within ten days after the entry of

judgment, it qualified as a Rule 60(b) motion [and] tolled the time for taking the appeal.").

**IT IS SO ORDERED.**

Dated this 28th day of June, 2006.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*

Samuel M. Herrera
P.O. Box 2345
Taos, NM 87571

*Attorney for Defendant:*

Erika E. Anderson
2200 Brothers Road
P.O. Box 5098
Santa Fe, NM 87502-5098